UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| GREGORY PENN,<br>      Plaintiff<br><br>v.<br><br>CORRECTIONS CORPORATION OF<br>AMERICA, RANDY ECKMAN,<br>MR. FOX, UNKNOWN CHIEF OF<br>SECURITY, MR. NOBLES, UNKNOWN<br>CHAPLAIN, UNKNOWN MEDICAL<br>STAFF, and STEVEN GOLD,<br>      Defendants | :<br>:<br>:<br>:<br>:   File No. 1:05-CV-308<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## ORDER

The Magistrate Judge's Report and Recommendation was filed May 31, 2006 (Paper 22). After de novo review and absent objection, the Report and Recommendation is AFFIRMED, APPROVED and ADOPTED. See 28 U.S.C. § 636(b)(1). The defendants' motion to dismiss (Paper 9) is GRANTED in part and DENIED in part. The claims against defendant Gold are DISMISSED; the remainder of the case shall be transferred to the United States District Court for the Eastern District of Kentucky pursuant to 28 U.S.C. § 1406.

Plaintiff's motion for appointment of counsel (Paper 24) and motion to amend complaint (Paper 29) are DENIED as moot, subject to renewal in the Eastern District of Kentucky. Plaintiff's motion for continuance or postponement of ruling on defendants' motion to dismiss (Paper 26) is DENIED.

The Court notes that while transfer pursuant to 28 U.S.C. § 1404 is not appropriate given the evidence before it, the District of Vermont could be shown to

1

be a proper venue as to defendant Corrections Corporation of America (CCA). Evidence such as the value of the private prison contract or the manner in which CCA solicited business from the State of Vermont would be helpful in determining the question of "minimum contacts." Should such contacts be proven, 28 U.S.C. § 1391(c) could apply because, "for purposes of venue... a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." Without sufficient evidence, however, this Court cannot find that personal jurisdiction or venue is proper. Thus, a transfer pursuant to § 1404 is not available to this plaintiff. Had a § 1404 transfer been granted, Vermont's three-year statute of limitations would be a factor in considering the merits of plaintiff's claims. See Ferens v. John Deere Co., 494 U.S. 516, 519-20 (1990).

IT IS HEREBY ORDERED:

That the Clerk of Court transfer this action to the United States District Court for the Eastern District of Kentucky; and it is further

ORDERED, that ten (10) days after the date of the service of this Order, the Clerk shall mail to the Clerk of the Eastern District of Kentucky certified copies of this Order, the docket entries in this case, and the originals of all papers on file in this case, except for the instant Order; and it is further

ORDERED, that the Clerk serve a copy of this Order on the plaintiff by regular United States mail.

Pursuant to Fed. R. App. P. 22(b), the Court DENIES petitioner a certificate of appealability ("COA") because the petitioner failed to make a substantial showing of a denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). In addition,

because the complaint has been dismissed on procedural grounds, the petitioner cannot be issued a COA due to his failure to demonstrate that "jurists of reason would find it debatable whether the [complaint] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." See Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595, 1604 (2000).

It is further certified that any appeal taken in forma pauperis from this Order would not be taken in good faith because such an appeal would be frivolous. See 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 20th day of July, 2006.

                        /s/ J. Garvan Murtha
                        J. Garvan Murtha
                        United States District Judge